IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

WALLER
v.
KELLEY, et al

NO. 1:11-cv-00095 JLH/JTR

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 26 2012
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

## MOTION FOR AN ORDER COMPELLING DISCOVERY

COMES NOW, Plaintiff, Kenneth L. Waller, Jr., pro se, by and for his Motion for an Order Compelling Discovery and respectfully states:

1. I am a pro se Plaintiff in the above matter.

2. Plaintiff submitted combined interrogatories and admissions to seperate Defendant Wendy Kelley under Rules 33 and Rule 36 of the Federal Rule of Civil Procedure in the form of combined discovery, and she have failed to provide Plaintiff with an appropriate response in her Second Set of Interrogatories and Request for Admissions.

3. Plaintiff submitted his combined interrogatories and request for admissions pursuant to Rule 33 and Rule 36 on June 07, 2012 on a time consuming method and to save money so that he can obtain all information during discovery.

4. Plaintiff moves this court for an order pursuant to Rule 37(a) of the Federal Rules of Civil Procedure compelling seperate Defendant Wendy Kelley to provide him answers to Second Set of Interrogatories and Request for Production of Documents in the form of combined discovery, and request for admissions, numbers one(1) through fourteen(14)

copies of which are attached hereto.

5. Plaintiff also move for an order pursuant to Rule 37(a)(4) requiring the aforesaid Seperate Defendant Wendy Kelley to pay Plaintiff in the sum of $27.00 for postage, paper, and copying, as reasonable expenses in obtaining this order, on the ground that the Defendant refusal to fully answer interrogatories, request for admissions, and production of documents, had no substantial justification for not providing Plaintiff with a appropriate answer.

6. Defendant Wendy Kelley having failed to provide Plaintiff with appropriate answers to his combined interrogatories, request for admissions, and production of documents. Now upon application of the Plaintiff and his motion to compel that the Defendant is indebted to Plaintiff in the sum of $27.00.

WHEREFORE, Plaintiff prays that ~~this motion and so forth~~ this court grant his motion and grant him relief.

Respectfully submitted,
Kenneth L. Walley

### CERTIFICATE OF SERVICE

I, hereby certify that on this 24th day of July 2012, I mailed this pleading by U.S. Postal Service to the following participants:

United States District Court
Office of the Clerk
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

**KENNETH L. WALLER, ADC #103829**                                    **PLAINTIFF**

v.                                     **No. 1:11cv00095 JLR-JTR**

**WENDY KELLEY,** *et al*                                             **DEFENDANTS**

### DEFENDANT WENDY KELLEY'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant Wendy Kelley, by and through counsel, and for her responses to Plaintiff's Second Set of Interrogatories and Request for Production of Documents, states as follows:

**INTERROGATORY/REQUEST FOR PRODUCTION NO. 1:** Please identify the officials responsible for overseeing, formulating, implementing and monitoring the compliance of the contract between ADC and Corizon, Inc., including but not limited to ensuring that Defendant Corizon, Inc. provide inmates with adequate medical care. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any person having knowledge of the matter for possible deposition. Admit that you are accountable for ensuring that Corizon, Inc. provide inmates adequate medical care.

**RESPONSE:** Objection. This Interrogatory exceeds the interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY/REQUEST FOR PRODUCTION NO. 2:** Describe in as much detail as possible the effective measures you took to ensure Plaintiff received adequate medical treatment after receiving, reviewing and investigating the multiple grievances for deficient medical care, including but not limited to the ongoing, frequent and severe stomach

pain, frequent vomiting, unexplained weight loss, chills, sweating gallstones, bloody stools and his inability to receive effective treatment from Corizon defendants. If those duties are set forth in any job description or other document, identify and produce that document, and identify any person having knowledge of the matter for possible deposition. Admit that you followed up with the Corizon defendants to ensure Plaintiff was receiving treatment.

**RESPONSE:** Objection. This Interrogatory exceeds the interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY/REQUEST FOR PRODUCTION NO. 3:** Please describe in as much detail as possible the complete circumstances surrounding other instances that evidence mentioned refers to any of the facts to your response to Interrogatory #2. If those duties are set forth in any job description or other document, identify and produce that document(s) and identify any person having knowledge of the matter for possible deposition. Admit that you investigated the facts surrounding Plaintiff's complaint that he was denied treatment.

**RESPONSE:** Objection. This Interrogatory exceeds the interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY/REQUEST FOR PRODUCTION NO. 4:** State all facts that you contend supports your allegations that after receiving the multiple grievances and appeals from Plaintiff complaining of the pattern of deliberate indifference from the Corizon Defendants, did you think he had a serious medical need, including but not limited to the condition being objectively serious enough for you to intervene and seek emergency treatment for him and/or refer him to a specialist for treatment. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any person

2

having knowledge of the matter for possible deposition. Admit that while Plaintiff was suffering from frequent and severe stomach pain, and gallstones he had a serious medical need.

**RESPONSE:** Objection. This Interrogatory exceeds the interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY/REQUEST FOR PRODUCTION NO. 5:** State all facts that you contend support your allegation in Interrogatories #2, #3 and #4 complaining of his inability to receive adequate medical treatment, you was aware of the facts after receiving the multiple grievances and appeals and deliberately disregarded the excessive risk to his health and safety by failing to draw an inference that a substantial risk of serious harm existed and failed to intervene. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any persons having knowledge of the matter for possible deposition. Admit that you drew an inference that Plaintiff was at a substantial risk of a serious harm and got help.

**RESPONSE:** Objection. This Interrogatory exceeds the interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY/REQUEST FOR PRODUCTION NO. 6:** State all facts which you contend to support your allegations that the treatment the Corizon defendants provided Plaintiff for frequent and severe stomach pain and gallstones, etc. was not so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any persons having knowledge of the matter for possible deposition. Admit that the treatment Plaintiff received from the Corizon defendants was appropriate for his conditions.

...

**RESPONSE:** Objection. This Interrogatory exceeds the interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY/REQUEST FOR PRODUCTION NO. 7:** State all facts you contend supports your allegation that you could infer as much from the Corizon defendants abdurate refusal to allow Plaintiff's course of treatment despite his repeated reports that the treatment including but not limited to the medications was not helping the frequent and severe stomach pain, and gallstones, and his conditions was getting worse. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any persons having knowledge of the matter for possible deposition. Admit that you did not tacitly authorize the ineffective course of treatment at a cost-saving policy.

**RESPONSE:** Objection. This Interrogatory exceeds the interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY/REQUEST FOR PRODUCTION NO. 8:** State all the facts you contend that Plaintiff did not have a serious medical need after being diagnosed by a physician as mandating treatment. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any persons having knowledge of the matter for possible deposition. Admit that gallstones are frequent and severe stomach pain, etc., are not a serious medical need.

**RESPONSE:** Objection. This Interrogatory exceeds the interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY/REQUEST FOR PRODUCTION NO. 9:** State all the facts which you contend supports your allegations in response to Interrogatory #2 in your first response that you are not trained to treat or provide treatment to inmates, but in GR 11-00968

you contend that Protonix do not cause bleeding. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any persons having knowledge of the matter for possible deposition. Admit that Protonix do not cause bleeding.

**RESPONSE:** Objection. This Interrogatory exceeds the interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY/REQUEST FOR PRODUCTION NO. 10:** State all the facts which you contend supports your allegations that I was receiving adequate treatment for my conditions as outlined in the physician nurse protocol, including but not limited to antacids, Zantac, Protonix, Ibuprofin and Prevacid are appropriate for treating gallstones, frequent and severe stomach pain, frequent vomiting, bloody stools, chills, sweating and unexplained weight loss, etc.

**RESPONSE:** Objection. This Interrogatory exceeds the interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY/REQUEST FOR PRODUCTION NO. 11:** State the full name, telephone number, and last known address of every person known to you who has any knowledge regarding the facts and circumstances surrounding the incidents referred to in the Complaint, who you expect to call as a witness at the trial.

**RESPONSE:** Objection. This Interrogatory exceeds the interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY/REQUEST FOR PRODUCTION NO. 12:** Please identify each person whom you expect to call as an expert witness at trial, including any such witness whose testimony will be presented by evidentiary or video deposition.

**RESPONSE:** Objection. This Interrogatory exceeds the interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY/REQUEST FOR PRODUCTION NO. 13:** Please identify each person who has made to you sworn or unsworn statements or provided information for affidavits or statements that relate to the allegations made in Plaintiff's Complaint and state the information provided.

**RESPONSE:** Objection. This Interrogatory exceeds the interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure.

**INTERROGATORY/REQUEST FOR PRODUCTION NO. 14:** Will you consider these interrogatories and requests for documents continuing in nature and supplement your answers should additional evidence be produced or additional responses be required. Will you be willing to discuss a reasonable settlement to avoid the hassle of a trial?

**RESPONSE:** Objection. This Interrogatory exceeds the interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dustin McDaniel
Attorney General

By: _____
Shawn J. Johnson AR Bar No. 2004181
Assistant Attorney General
Attorneys for ADC Defendants
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 682-1178
Facsimile: (501) 682-2591
shawn.johnson@arkansasag.gov

## CERTIFICATE OF SERVICE

I, Shawn Johnson, hereby certify that on July 18, 2012, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. Kenneth L. Waller, Jr.
ADC #103829
GRIMES UNIT
Arkansas Department of Correction
300 Corrections Drive
Newport, AR 72112

*PRO SE PLAINTIFF*

I, Shawn Johnson, further certify that on July 18, 2012, I provided a copy by electronic mail to the following individuals:

Ms. Michele Odum
Humphries & Lewis
7300 Dollarway Road, Suite 112
White Hall, AR 71602
Email: mboatty@comcast.net

*ATTORNEYS FOR CORIZON DEFENDANTS*

Shawn L. Johnson

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

WALLER
v.
KELLEY, et al

No. 1:11-CV-00095 JLH-JTR



## PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS FOR DEFENDANT WENDY KELLEY

COMES NOW, Plaintiff, Kenneth L. Waller, Jr., pro se, by and for his Second Set of Interrogatories and Request for Production of Documents for Defendant Wendy Kelley and propounds her response to Plaintiff's Interrogatories and Request for Documents, respectfully states:

Plaintiff submits the following interrogatories and request for documents under Rules 33 and 34. Under Rule 34 you will be asked to identify and produce any such documentary evidence and identify the persons having knowledge to the matter for possible depositions. under Rule 30 and 31. Under Rule 36 you are asked to admit particular facts or respond under Rule 33 by stating its position as to the facts indicating whether you have any evidence to support it. You are directed to make the following response within 30 days after the service of this request as prescribed by the Federal Rules of Civil Procedure.

1. Please identify all officials responsible for overseeing, formulating, implementing, and monitoring the compliance of the contract between ADC and Corizon, Inc., including but not limited to ensuring that Defendant Corizon, Inc., provide inmates with adequate medical care. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any person having knowledge of the matter for possible deposition. Admit that you are accountable for ensuring that Corizon, Inc., provide inmates adequate medical care.

2. Please describe the actions you took to ensure Plaintiff received adequate medical treatment after receiving, reviewing, and investigating the multiple grievances for deficient medical care, including but not limited to the ongoing, frequent and severe stomach pain, frequent vomiting, unexplained weight loss, chills, sweating, gallstones, bloody stools and his inability to receive effective treatment from Corizon Defendants. If those duties are set forth in any job description or other document, identify and produce that document, and identify any person having knowledge of the matter for possible deposition. Admit that you followed-up with the Corizon Defendants to ensure Plaintiff was receiving treatment.

3. Please describe in as much detail as possible the complete circumstances surrounding other instances that evidence, mention, refers to any of the facts to your response to Interrogatory #2. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any person having knowledge of the matter for possible deposition. Admit that you investigated the facts surrounding Plaintiff's complaint, that he was denied treatment.

4. State all facts that you contend supports your allegations that after receiving the multiple grievances and appeals from Plaintiff complaining of the pattern of deliberate indifference from the Corizon Defendants, did you think he had a serious medical need, including but not limited to the condition being objectively serious enough for you to intervene and seek emergency treatment for him and/or refer him to a specialist for treatment. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any person having knowledge of the matter for possible deposition. Admit that while Plaintiff was suffering from frequent and severe stomach pain, and gallstones he had a serious medical need.

5. State all facts that you contend support your allegation in Interrogatories #2, #3, and #4 complaining of his inability to receive adequate medical treatment, you was aware of the facts after receiving the multiple grievances and appeals and deliberately disregarded the excessive risk to his health and safety by failing to

to draw an inference that a substantial risk of serious harm existed and failed to intervene. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any persons having knowledge of the matter for possible deposition. Admit that you drew an inference that Plaintiff was at a substantial risk of a serious harm and god help.

6. State all facts which you contend to support your allegations that the treatment the Corizon Defendants provided Plaintiff for frequent and severe stomach pain, and gallstones, etc. was not so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any persons having knowledge of the matter for possible deposition. Admit that the treatment Plaintiff received from the Corizon Defendants was appropriate for his conditions.

7. State all facts you contend supports your allegation that you could infer as much from the Corizon Defendants obdurate refusal to alter Plaintiff's course of treatment despite his repeated reports that the treatment, including but not limited to the medications was not helping the frequent and severe stomach pain, and gallstones, and his conditions was getting worse. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any persons having knowledge of the matter for possible deposition. Admit that you did not tacitly authorize the ineffective course of treatment as a cost-saving policy.

8. State all the facts you contend that Plaintiff did not have a serious medical need after being diagnosed by a physician as mandating treatment. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any persons having knowledge of the matter for possible deposition. Admit that gallstones and frequent and severe stomach pain, etc. are not a serious medical need.

1. State all the facts which you contend supports your allegations in

your response, you are not trained to treat or provide treatment to inmates, but in CR 11-00968 you contend that Protonix do not cause bleeding. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any persons having knowledge of the matter for possible deposition. Admit that Protonix do not cause bleeding.

10. State all the facts which you contend supports your allegations that I was receiving adequate treatment for my conditions as outlined in the physician nurse protocol, including but not limited to antacids, Zantac, Protonix, Ibuprofen and Prevacid are appropriate for treating frequent and severe stomach pain, vomiting and gallstones, etc. If those duties are set forth in any job description or other document, identify and produce that document(s), and identify any persons having knowledge of the matter for possible deposition. Admit that Zantac, antacids, Prevacid, Protonix, and Ibuprofen are appropriate for treating gallstones, frequent and severe stomach pain, frequent vomiting, bloody stools, chills, sweating, and unexplained weight loss, etc.

11. State the full name, telephone number, and last known address of every person known to you who has any knowledge regarding the facts and circumstances surrounding the incidents referred to in the Complaint who you expect to call as a witness at the trial.

12. Please identify each person whom you expect to call as an expert witness at trial, including any such witness whose testimony will be presented by evidentiary or video deposition.

13. Please identify each person who has made to you sworn or unsworn statements or provided information for affidavits or statements that relate to the allegations made in Plaintiff's Complaint and state the information provided.

14. Will you consider these interrogatories and request for documents continuing in nature and supplement your Answers should additional evidence

be produced or additional responses be required.

15. Will you be willing to discuss ~~make~~ a reasonable settlement to avoid the hassle of a trial?

Respectfully submitted,

_[signature]_

## CERTIFICATE OF SERVICE

I, hereby certify that on the 07 day of June, 2012, I mailed the document by U.S. Postal Service to the following and provided a copy to the following participants:

Attorney General
Shawn J. Johnson
323 Center Street, Suite 200
Little Rock, Arkansas 72201

Humphries & Lewis
Michele Banks Odum
7300 Dollarway Road, Suite 112
White Hall, Arkansas 71602-0670

By: _[signature]_