**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

KENNETH L. WALLER, JR.
ADC #103829                                                                                      PLAINTIFF

V.                             1:11CV00095 JLH/JTR

WENDY KELLEY, Deputy Director,
Arkansas Department of Correction, et al,                  DEFENDANTS

**ORDER**

Plaintiff has filed a Motion asking the Court to compel separate Defendant Kelley to answer his June 7, 2012 discovery requests. *See* docket entry #77. Defendant Kelley has filed a Response. *See* docket entry #78. Before addressing the merits of that Motion, the Court will summarize the relevant procedural history.

**I. Procedural History**

On November 1, 2011, Plaintiff filed this *pro se* § 1983 action alleging that several members of the prison medical staff failed to provide him with adequate medical care for digestive problems. *See* docket entry #2. His only claim against separate Defendant Kelley is that she allegedly failed to take corrective action in response to his medical grievances about the inadequate medical care he was receiving. *Id.*

In November of 2011 and March of 2012, Plaintiff sent Defendant Kelley a total of 12 Requests for Production of Documents. *See* docket entry #78, Exs. A and B. In April of 2012, Plaintiff sent her 26 Interrogatories. *Id.*, Ex. C. Finally, on June 7, 2012, Plaintiff sent her a document entitled "Second Set of Interrogatories and Requests for Production of Documents." *See* docket entry #78, Ex. D. However, that document actually contained 14 Interrogatories, 14 Requests for Production of Documents, and 14 Requests for Admission. *Id.* Defendant Kelley objected to all of those discovery requests because Plaintiff's previous discovery exceeded the limit of 25 Interrogatories. *See* Fed. R. Civ. P. 33(b)(2).

## II. Discussion

In the current Motion, Plaintiff asks the Court to compel Defendant Kelley to answer each of the 14 Interrogatories, 14 Requests for Production of Documents, and 14 Requests for Admissions that he sent her on June 7, 2012. *See* docket entry #77. Additionally, Plaintiff seeks reimbursement for the $27 in postage, copying charges, and other unspecified expenses he incurred preparing his Motion to Compel. *Id.*

**A.     Interrogatories**

Federal Rule of Civil Procedure 33(a)(1) provides that a party may serve no more than 25 interrogatories. However, a court may grant a party permission to serve more than 25 interrogatories if: (1) the additional discovery is not unreasonably

duplicative or cumulative; (2) the requesting party has not already had ample opportunity to obtain the information; and (3) need for the requested information outweighs the burden and expense of producing it. *See* Fed. R. Civ. P. 33(a)(1) and 26(b)(2)(C).

It is unclear whether any of the 14 disputed Interrogatories are duplicative or cumulative. If any of them are in fact duplicative, Defendant Kelley can refer Plaintiff to her previously provided responses. Additionally Defendant Kelley has not explained how she will be unduly burdened by answering those 14 Interrogatories, none of which appear to be burdensome.

Plaintiff is a *pro se* prisoner with no legal training and limited access to legal materials. Additionally, his incarceration requires him to use only written discovery, without the option of taking depositions.

The Court will construe Plaintiff's Motion to Compel as a motion for leave to send Defendant Kelley 14 additional Interrogatories and finds good cause for granting that motion. Accordingly, **within fourteen days of the entry of this Order**, Defendant Kelley must respond to Plaintiff's 14 Interrogatories.[1]

**B.    Requests for Admission**

---

[1] Defendant Kelley had a very limited role in Plaintiff's inadequate medical care claims. For that reason, this will be the *final written discovery* that Plaintiff wil be allowed to submit to Defendant Kelley.

As previously mentioned, Plaintiff's June 7, 2012 discovery requests also contained 14 Requests for Admission. Local Rule 33.1(c) provides that request for admission may *not* be combined with any other discovery requests. Thus, Defendant Kelley is not required to answer any of the 14 Requests for Admission.

**C.     Requests for Production of Documents**

Defendant Kelley admits that it was permissible for Plaintiff to combine Interrogatories and Requests for Production of Documents in his June 7, 2012 discovery requests. *See* docket entry #78. Additionally, Defendant Kelley did not separately object to any of Plaintiff's Requests for Production of Documents. *See* Local Rule 33.1(b) (providing that: "Objections must be made to the specific interrogatory or request, or part thereof if it is compound"). Instead, her only objection was that Plaintiff had exceeded his number of permissible Interrogatories. However, the Federal Rules of Civil Procedure do *not* limit the number of Requests for Production of Documents. *See* Fed. R. Civ. P. 34.

In her Response to the Motion to Compel, Defendant Kelley now argues that the requests for production of documents were confusing and "subsumed" her responses to the included Interrogatories. *See* docket entry #78 at 2. As previously discussed, a *pro se* litigant should be granted leniency when drafting discovery

requests.[2]

Accordingly, Defendant Kelley must, **within fourteen days of the entry of this Order**, answer the 14 Requests for Production of Documents.

**D.     Requests for Cost**

An award of costs to Plaintiff is unwarranted. *See* Fed. R. Civ. P. 37(a)(5)(C). Accordingly, that portion of the Motion to Compel is denied.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Compel (docket entry #77) is GRANTED in part and DENIED in part, as specified in this Order.

Dated this 21st day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Of course, Defendant Kelley is not required to produce what she does not posses.