**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

KENNETH L. WALLER JR.,
ADC #103829                                                            PLAINTIFF

V.                                  1:11CV00095 JLH/JTR

WENDY KELLEY, Deputy Director,
Arkansas Department of Correction, et al,                    DEFENDANTS

**ORDER**

Plaintiff, Kenneth L. Waller Jr., has filed this *pro se* § 1983 action alleging,

among other things, that nine employees of Corizon, Inc., failed to provide him with

adequate medical care for a variety of digestive problems.  *See* docket entries #2 and

#11.

On September 4, 2012, which was after the discovery deadline expired, Plaintiff

filed a Motion asking the Court to compel Defendants Bagwell, Horn, Nance,

Bridgemen, Armstrong, Waldrupe, and Gilbert to answer separate sets of

Interrogatories and Requests for Production of Documents that he allegedly sent to

each of them on July 18, 2012.[1]  *See* docket entry #84.

---

[1] For unexplained reasons, the certificates of service attached to each of those
discovery requests state that Plaintiff mailed them to defense counsel on June 7, 2012,
rather than on July 18, 2012, as alleged by Plaintiff in the Motion to Compel.  *Id.,*
attachments.

Defense counsel states that she never received the Interrogatories and Requests for Production for those seven Defendants.[2]  *See* docket entry #86. She further explains that Plaintiff did not, prior to filing his Motion to Compel, contact her about the discovery requests she alleged failed to answer.  *See* Fed. R. Civ. P. 37(a)(1) and Local Rule 7.2(g) (providing that, prior to filing a motion to compel, the movant must have attempted to confer with the opposing party in good faith effort to resolve the specific discovery issue, and that the court may summarily deny the motion if he fails to do so).

Additionally, Defendants have previously provided Plaintiff, at his request, with: (1) their job descriptions; (2) medical treatment protocols; and (3) access to his complete prison medical file.  *See* docket entry #86, Exs. B, C, and D.  Plaintiff can obtain the *relevant* information he seeks in his Motion to Compel from those documents.

Finally, in the Motion to Compel, Plaintiff asks the Court to extend the discovery deadline and to appoint him counsel.  The Court has previously denied Plaintiff's request for the appointment of counsel, and he has not set forth a sufficient reason to reconsider that ruling.  *See* docket entry #65.  Similarly, the Court has

---

[2]  In contrast, defense counsel received separate sets of Interrogatories and Requests for Production of Documents for Defendants Hutchinson and Cowell, which she answered.  *Id.,* Exs. A and B.

previously granted Plaintiff an extension of time to complete discovery, and he has not

provided a sufficient explanation as to why the Court should do so again. *See* docket

entry #73.  Accordingly, both requests are denied.

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff's Motion to Compel (docket entry #84) is DENIED.

2.      Plaintiff's requests for appointment of counsel and for an extension of

the time to complete discovery, both of which are contained in his Motion to Compel,

are DENIED.

Dated this 1st day of October, 2012.


_____
UNITED STATES MAGISTRATE JUDGE